Dear Mr. Stokes:
You have requested an opinion of the Attorney General, in your capacity as legal advisor to the Jackson Parish Police Jury (Police Jury), relative to the applicability of the parish sales and use tax to pollution control equipment.
You state that, in order to comply with federal environmental regulations, Smurfit-Stone, Inc., installed certain pollution control equipment at its Hodge Paper Mill. The Louisiana Department of Revenue and the Louisiana Department of Environmental Quality approved the equipment and determined that the purchase of same would not be a sale at retail for purposes of State sales and use tax applicability.
You specifically ask whether the same exemption for the pollution control equipment would apply to the parish sales and use tax.
In answer to your question, I direct your attention to R.S. 47:301(10)(l) which provides, in pertinent part, the following:
 (l) For purposes of the state sales and use tax, the term "sale at retail" shall not include the sale of a pollution control device or system. Pollution control device or system shall mean any tangible personal property approved by the Department of Revenue and the Department of Environmental Quality and sold or leased and used or intended for the purpose of eliminating, preventing, treating, or reducing the volume or toxicity or potential hazards of industrial pollution of air, water, groundwater, noise, solid waste, or hazardous waste in the state of Louisiana. For the purposes of any sales and use tax levied by a political subdivision, the term "sale at retail" shall include the sale of a pollution control device or system. . . . (Emphasis added.)
As can be gleaned from the above, while the sale of pollution control devices or systems do not constitute a "sale at retail" for purposes of the state sales and use tax, it is clearly considered a "sale at retail" for purposes of the parish sales and use tax.
We have reviewed the statutory provisions relating to parish sales and use taxes and the exemptions therefrom, including R.S. 47:305, and can find no authority which would exempt the sale of pollution control devices or systems from the parish sales and use tax.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj